# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RSUI INDEMNITY COMPANY**                                              CIVIL ACTION

**VERSUS**                                                                        No. 12-2820

**AMERICAN STATES INSURANCE**                                   SECTION I
**COMPANY**

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by defendant, American States Insurance Company. For the following reasons, the motion is **GRANTED**.

### Background

Stacia Barrow ("Barrow") was allegedly injured in a car accident on June 23, 2010, when a flatbed truck driven by Lamar Thomas ("Thomas"), an Ameraseal, L.L.C. ("Ameraseal") employee, turned left in front of her.[2] Defendant, American States Insurance Company ("ASIC") provided commercial auto liability insurance to Ameraseal, with a $1 million liability limit.[3] Plaintiff, RSUI Indemnity Co. ("RSUI"), provided excess insurance to Ameraseal, with a $4 million limit.[4]  Barrow sued Ameraseal, Thomas, and ASIC in state court.[5] She did not sue RSUI, although RSUI's policy gave it the right to control the defense of claims against its insureds.[6] Barrow offered to settle her claims against defendants for $5 million – the combined limit of the ASIC and RSUI

---

[1]R. Doc. No. 18.
[2]R. Doc. No. 26-6, at 1; R. Doc. No. 30-2, at 1.
[3]R. Doc. No. 26-6, at 1; R. Doc. No. 30-2, at 1.
[4]R. Doc. No. 26-6, at 1; R. Doc. No. 30-2, at 1.
[5]R. Doc. No. 26-6, at 1; R. Doc. No. 30-2, at 1.
[6]R. Doc. No. 26-6, at 1; R. Doc. No. 30-2, at 1.

policies.[7] Ultimately, on February 16, 2012, Barrow agreed to release her claims against ASIC for $1 million.[8] On February 24, 2012, Barrow agreed to release her claims against RSUI and its insureds for $2 million.[9] Accordingly, Barrow's claims never went to trial, and no adjudicated excess judgment was entered.[10]

RSUI filed a complaint before this Court, alleging that ASIC's bad faith failure to properly defend Ameraseal and Thomas caused RSUI to enter into the $2 million settlement with Barrow.[11] ASIC has moved for summary judgment, alleging that RSUI's claim fails a matter of law.[12]

## Law and Analysis

### I. Summary Judgment Standard

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of

---

[7]R. Doc. No. 26-6, at 1; R. Doc. No. 30-2, at 2. The parties dispute whether Barrow ever offered to settle her claims for an amount within the ASIC policy limits. R. Doc. No. 26-6, at 2; R. Doc. No. 30-2, at 2.
[8]R. Doc. No. 26-6, at 2; R. Doc. No. 30-2, at 2. The parties dispute whether this settlement fully released Ameraseal and Thomas. R. Doc. No. 26-2, at 2; R. Doc. No. 30-2, at 2.
[9]R. Doc. No. 26-6, at 2; R. Doc. No. 30-2, at 2.
[10]R. Doc. No. 26-6, at 2; R. Doc. No. 30-2, at 2.
[11]R. Doc. No. 1, at 6-7.
[12]R. Doc. No. 26, at 2.

evidence supporting the other party's case. *Id*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**II. Analysis**

ASIC seeks summary judgment on several grounds. First, ASIC asserts that RSUI's claim is an impermissible legal malpractice claim against ASIC's attorney, masked as a failure to defend claim against ASIC.[13] Second, ASIC asserts that RSUI's claim fails because ASIC never had the opportunity to settle within its policy limits and there was never an adjudicated excess judgment.[14]

---

[13]R. Doc. No. 26, at 2.
[14]R. Doc. No. 26, at 2.

The Court concludes that the absence of an adjudicated excess judgment in this case bars RSUI's claim. Accordingly, the Court need not reach ASIC's other arguments.

In *Great Southwest Fire Insurance Co. v. CNA Insurance Companies*, 557 So. 2d 966, 967 (La. 1990), the Louisiana Supreme Court held that an excess insurance carrier may become subrogated to an insured's right against a primary insurance carrier. Accordingly, an excess carrier may bring an action against a primary insurer for an excess judgment caused by the primary insurer's "failure to perform its obligations to conduct settlement negotiations and defend in good faith." *Id.* Here, the parties do not dispute that ASIC's claim against RSUI, if any, is premised on subrogation,[15] and the Court assumes valid subrogation exists for purposes of this motion. The Court proceeds to consider whether the absence of an excess judgment bars any claim against ASIC for failure to settle within the primary insurance policy limits or failure to defend in good faith.

ASIC argues that there can be no bad faith failure to settle claim where there is no adjudicated judgment. In *Ragas v. MGA Insurance Company*, No. 96-2263, 1997 WL 79357, at * 2 (E.D. La. Feb. 21, 1997), which involved an excess consent judgment, U.S. District Judge McNamara concluded that "the Louisiana Supreme Court would [] find that in a bad faith failure to settle action, the underlying excess judgment against the insured must be *adjudicated*." Judge McNamara reasoned that permitting a claim for bad faith failure to settle where there was no adjudicated judgment would permit plaintiffs to seek damages that had never been determined by a judge or jury. *Id.*[16]  The U.S. Court of Appeals for the Fifth Circuit cited *Ragas* with approval in

---

[15]R. Doc. No. 1, at 7-8; R. Doc. No. 26-1, at 11; R. Doc. No. 30, at 1, 16.

[16]Judge McNamara further reasoned that permitting such a claim "would also create in the insured the ability to escape all liability for his own wrongdoing while imposing on the insurer (who neither participated nor consented to the Consent Judgment) unsupported liability. With no personal exposure, as a result of the Assignment and Release & Indemnity Agreement, the insured has no

*Louque v. Allstate Insurance Co.*, 314 F.3d 776, 783 (5th Cir. 2002) (quotation omitted), and in *New England Insurance Co. v. Barnett*, 465 F. App'x 302, 312 (5th Cir. 2012). In *New England*, the Fifth Circuit reiterated, "Courts have consistently concluded that an insurer cannot be liable for a bad faith failure to settle claim in the absence of an adjudicated excess judgment." 465 F. App'x at 312; *see also Mathies v. Blanchard*, 959 So. 2d 986, 988-89 (La. App. 1st Cir. 2007). The reasoning in *Ragas*, which was cited approvingly in *New England*, persuades the Court that a bad faith failure to settle claim requires an excess judgment.

RSUI distinguishes these cases, however, on the basis that they involved failure to settle claims, and the instant matter involves a failure to defend claim.[17] RSUI cites two cases for the proposition that an "insured has a case of action against its insurer for failure to properly defend even when there is no adjudicated judgment."[18] Neither case supports this proposition. In *Lafauci*, a primary insurer refused a settlement offer that was within the policy limits, and a bench trial resulted in a judgment that exceeded the policy limits. *Lafauci v. Jenkins*, 844 So. 2d 19, 23, 29 (La. App. 1st Cir. 2003). Accordingly, there was an adjudicated excess judgment. The Court does not see, and RSUI fails to identify, how the other case, *Pareti v. Sentry Indemnity Company*, 536 So. 2d 417 (La. 1988), even arguably applies to the present issue.[19] RSUI offers no other basis on which to limit the principle set forth in the preceding paragraph to failure to settle cases. Even assuming, for the purposes of analysis, that (1) RSUI is correct in characterizing the above-captioned matter as a

---

incentive to contest liability or damages." 1997 WL 79357, at * 2.

[17]R. Doc. No. 30, at 17.

[18]R. Doc. No. 30, at 17.

[19]*Pareti* addressed the issue of "whether the liability insurer had a continuing duty, after the exhaustion of its policy limits through settlement, to defend its insured in another claim arising from the same accident." 536 So. 2d at 418.

failure to defend case, and (2) this distinction is relevant, the Court concludes that the excess judgment requirement nonetheless applies.

### Conclusion

For the foregoing reasons, the absence of an adjudicated excess judgment in this case bars RSUI's claim against ASIC, and the Court need not reach ASIC's alternative arguments.

Accordingly,

**IT IS ORDERED** that ASIC's motion[20] for leave to file a supplemental reply is **GRANTED**.

**IT IS FURTHER ORDERED** that ASIC's for motion summary judgment is **GRANTED**. and RSUI's complaint is **DISMISSED WITH PREJUDICE**.


New Orleans, Louisiana, November 13, 2013.

<u>LANCE M. AFRICK</u>
**UNITED STATES DISTRICT JUDGE**

---

[20]R. Doc. No. 41.