UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RSUI INDEMNITY COMPANY                    CIVIL ACTION

VERSUS                                    NO:     12-2820

AMERICAN STATES INSURANCE                 SECTION: "I" (4)
COMPANY

### ORDER

On December 12, 2014, Plaintiff, RSUI Indemnity Company ("RSUI") filed a **Motion for Leave to File Amended Complaint (R. Doc. 65)**, seeking leave to file a supplemental and amending complaint to plead additional facts and causes of action. The motion is opposed. *See* R. Doc. 68. The motion was heard for oral argument on Wednesday, January 7, 2015.

I.   **Background**

This action is a dispute between the excess and primary liability insurance carriers of a common insured. The excess insurer, RSUI, seeks to recover from the primary liability insurer, American States Insurance Company ("American"), the $2 million it paid as a result of American's alleged breach of the duty to defend the common insured, as more fully set out in the facts below.

II.  **Factual Summary**

An employee of the common insured, Ameraseal LLC ("Ameraseal"), was in a motor vehicle accident with Stacia Barrow in June 2010. Barrow's vehicle struck the rear of Ameraseal's vehicle as its employee made a left turn in front of Barrow, who was allegedly speeding. As a result of the accident, Barrow alleged that she suffered injury to her head, neck, pelvic, spine, arm and leg. She filed suit in state court against Amerseal, its employee, and American. American undertook the defense of Amerseal but did not notify RSUI of Barrow's

claims against the common insured until about two weeks before the discovery deadline and about three months before the trial.

Barrow alleged brain and spinal injuries, and there was an indication that her speeding may have been a contributing cause of the accident. Despite the significant injuries alleged by Barrow and her possible contributory negligence, the defense counsel assigned by American allegedly did not take depositions of the plaintiff, her doctors, or attempt to obtain an independent medical examination. Furthermore, defense counsel allegedly failed to oppose the plaintiff's motion for summary judgment, which was granted by the state trial court.

Two weeks before the discovery deadline, American notified RSUI of Barrow's claim against Amerseal and informed them that the claim was worth only between $150,000 and $500,000, which was well within American's policy limit. Shortly after, American retained new defense counsel in February 2012, a month before trial, who advised the insured that the value of the case exceeded the $1 million primary policy limit and that a jury verdict could exceed all excess coverage, which was $4 million. However, counsel advised the insured that American was unwilling to offer Barrow the policy limits at that time.

Subsequently, Barrow demanded $5 million, the combined policy limits of American and RSUI. American then settled with Barrow for its policy limit of $1 million and received a release of American of all claims and a release of Amerseal from liability of damages in excess of $5 million, the combined available insurance limits of American and RSUI. Thereafter, RSUI negotiated a further settlement with Barrow for $2 million for a full release of Amerseal from all liability. RSUI claims that it settled with Barrow for $2 million rather than intervene the eve before trial because it was left with no discovery from American to support the defense of Amerseal.

On November 26, 2012, RSUI, excess insurance carrier, filed this action against American, the underlying carrier, as subrogee of the common insured, alleging bad faith failure to defend the common insured properly in the underlying suit by failing to investigate and to take appropriate defensive action that resulted in the increased settlement value of the case.

This Court granted American's summary judgment motion against RSUI on November 13, 2013 under the theory that a cognizable claim did not exist because there wasn't an adjudication of the excess judgment since RSUI entered into a settlement with the underlying plaintiff. *See* R. Doc. 42. The Court's opinion was appealed and the Fifth Circuit reversed and remanded the case, holding that under these circumstances, where an excess carrier alleges that a primary insurer in bad faith breached its duty to defend and caused exposure of the common insured to an increase in the settlement value of the case above the primary policy limits, which the excess insurer must satisfy, the excess insurer has a subrogated cause of action against the primary insurer. *See* R. Doc. 57.

After the action was remanded on October 21, 2014, a new Scheduling Order (R. Doc. 59) was entered on November 12, 2014, setting December 12, 2014 as the amendment deadline. RSUI filed the subject motion for leave to amend on December 12, 2014. *See* R. Doc. 65.

In the subject motion, RSUI seeks to amend its complaint to allege additional facts and to add statutory causes of action under Louisiana Revised Statute ("La. R.S.") Sections 22:1892 and 22:1973. *See* R. Doc. 65-1, at 2. RSUI claims that the additional facts[1] and causes of action only became known to it through preliminary discovery. *See* R. Doc. 65-2, at 2. RSUI further claims

---

[1] The additional facts alleged by RSUI in its amended complaint are not addressed in American's opposition and were not opposed during the hearing. American's primary contention is toward the addition of the two statutory claims. The additional facts, however, include that American failed to keep Ameraseal and its employee, Thomas, reasonably informed of pertinent developments and failed to timely advise them of their exposer to excess liability. The facts also include an allegation that American's settlement with Barrow was contrary to *Gasquet v. Commercial Union Ins. Co.*, 391 So. 2d 466 (La. App. 4 Cir. 1980) because it only provided for a complete release of American from all liability and a partial release of Ameraseal and Thomas. *See* R. Doc. 65-1.

3

that the amendment will not result in undue prejudice to the opposing party, and that there has been no undue delay, bad faith, or dilatory motive on the part of RSUI. *Id.* at 1.

**III.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal and lenient amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).  Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id*.

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004).  The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

### IV. <u>Analysis</u>

RSUI filed the subject motion for leave to amend its complaint on December 12, 2014, which is the date of the amendment deadline set forth in the Scheduling Order (R. Doc. 59). As such, the Court will apply the liberal and lenient amendment policy of Rule 15(a) to the subject motion. Under Rule 15(a), the Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Mitchell*, 634 F.2d at 203.

During the hearing, American narrowed its contentions against the proposed amendment to undue delay and futility.

#### A. <u>Undue Delay</u>

RSUI argues that leave to amend is proper because it seeks to amend its complaint within the deadline set forth in the Court's Scheduling Order. *See* R. Doc. 65-2, at 1. RSUI further contends that it was not able to amend its complaint directly after it learned of the new information on November 11, 2013. RSUI contends that it learned of the new information on November 11, 2013 during the deposition of the two attorneys retained by American to represent Ameraseal. However, RSUI represents that two days after the depositions, summary judgment was granted on November 13, 2013. *See* R. Doc. 70-1, at 2.

In opposition, American argues that the Court should deny RSUI's leave to amend its complaint because RSUI offers no explanation for its two year delay in asserting the new causes of action under La. R.S. §§ 22:1892 and 22:1973. *See* R. Doc. 68, at 1. American argues that contrary to RSUI's assertion that it learned of the new causes of action through discovery, it was aware of the new causes of action at the time it filed its original complaint. *Id.* at 8.

Delay alone does not justify denial of a motion to amend. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Rather, denial of a motion under Rule 15(a) is appropriate where the delay is "undue" in that it prejudices the nonmoving party or places an unfair burden on the Court. *Mayeaux*, 376 F.3d at 427 (citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)); *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), *cert denied*, 469 U.S. 1122, 105 S. Ct. 8069888 (1985). Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)) (quoting *Mitchell*, 634 F.2d at 203). In such a situation, the plaintiff bears the burden of showing that delay to be "'due to oversight, inadvertence, or excusable neglect.'" *Id.* (citing *Whitaker*, 963 F.2d at 836) (quoting *Mitchell*, 634 F.2d at 203).

Here, RSUI seeks its first amendment to its complaint and filed the subject motion for leave to amend within the amendment deadline. Although American emphasizes that RSUI seeks the amendment two years after it filed its original complaint, that argument is unpersuasive. RSUI filed the original complaint on November 26, 2012, summary judgment was granted on November 13, 2013, and the case was appealed to the Fifth Circuit on January 9, 2014. While the case was in the appeals process, RSUI was not in the position to seek an amendment to its complaint and it is unfair to characterize that period of time as an undue delay because the district court did not have jurisdiction on the matter while it was pending appeal.

Further, in *Crosby v. Blue Cross Blue Shield of Louisiana*, No. CIV.A. 08-0693, 2011 WL 6817814, at *4 (E.D. La. Dec. 28, 2011), the Court found no delay in a case with a similar procedural background. In *Crosby*, the case was appealed to the Circuit Court and after it was remanded, the plaintiff filed its motion for leave to amend on the amendment deadline. This

Court stated that "[g]iven the procedural history of this case and [the] fact that Plaintiff satisfied the deadline set forth in the Court's Scheduling Order, it cannot be said that Plaintiff's motion was a product of bad faith, dilatory motive or undue delay." *Crosby*, 2011 WL 6817814, at *4 (citing *Mendoza v. City of New Orleans*, No. 06–3040 c/w 07–545, 2007 WL 1239123 (E.D. La. Apr. 26, 2007)). As such, RSUI's leave to amend is not unduly delayed.

  **C.**  **Futility of the Amendment**

In addition to new factual allegations, RSUI seeks to add two new statutory causes of action and American contends that each cause of action is futile because they are not actionable in this case. The two new causes are under La. R.S. §§ 22:1892 and 22:1973 from the Louisiana Insurance Code, which assess penalties against an insurer for bad faith settlement and adjustment practices. It is settled that RSUI, subrogated to the rights of the insured, can bring a failure to defend claim against American.[2] However, the fact that RSUI can bring a failure to defend claim does not provide for a right to recover penalties under La. R.S. §§ 22:1892 and 22:1973. Thus, the Court must consider each penalty statute in light of the facts alleged in the complaint to determine if the new causes of action are futile. For the following reasons, the Court finds that RSUI's claims under La. R.S. §§ 22:1892 and 22:1973 are futile.

  **1.**  **La. R.S. § 22:1892**

RSUI claims that it is entitled to attorney fees and penalties under La. R.S. § 22:1892. The purpose of La. R.S. § 22:1892 is to entitle an insured to "penalties if the insurer fails to pay a claim within thirty days after satisfactory proof of loss, and that failure is found to be arbitrary, capricious, or without probable cause." *Durio v. Horace Mann Ins. Co.*, 74 So. 3d 1159, 1170 (La. 2011).

---

[2] *See* R. Doc. 57 where the Fifth Circuit held that under the circumstances of this case the excess insurer has a subrogated cause of action against the primary insurer for bad faith breach the duty to defend.

> Subpart (A) of La. R.S. § 22:1892 provides in pertinent part:
>
> (1) All insurers . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
>
> (2) All insurers . . . shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.

La. Rev. Stat. Ann. § 22:1892(A). Subpart (B) of La. R.S. § 22:1892 provides in pertinent part that:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in [La. R.S. § 22:1892(A)(1)] . . . or failure to make such payment within thirty days after written agreement or settlement as provided in [La. R.S. § 22:1892(A)(2)] . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, . . . as well as reasonable attorney fees and costs.

La. Rev. Stat. Ann. § 22:1892(A).

American argues that RSUI does not have an actionable claim under La. R.S. § 22:1892 because it cannot demonstrate that the common insured sustained any damages as a result of American's alleged bad faith. *See* R. Doc. 68, at 4-5. American articulates that the standard under La. R.S. § 22:1892 requires the insured to demonstrate (1) the insurer failed to pay a claim within thirty days after receipt of satisfactory proofs of loss; (2) the failure to pay was arbitrary and capricious; and (3) the insured sustained damages as a result of the breach. *Id.* (citing *Anco Insulations, Inc. v. AIG Premier Ins. Co.*, No. CIV.A. 07-00657, 2013 WL 773621, at *3 (M.D. La. Feb. 28, 2013) (citing *Vaughn v. Franklin*, 785 So.2d 79 (La. Ct. App. 1st Cir. 2001))). American argues that since the common insured did not sustain any out of pocket expense under

the third prong, the common insured does not have a cognizable claim and consequently RSUI does not have an actionable claim as the subrogee.

American cites to *Anco Insulations*, and the Court notes that in that decision the district court in the Middle District of Louisiana articulated that to recover under La. R.S. § 22:1892 an insured must demonstrate that (1) the insurer failed to pay a claim within thirty days after receipt of satisfactory proofs of loss; (2) the failure to pay was arbitrary and capricious; and (3) the insured sustained damages as a result of the breach. 2013 WL 773621, at *3.

However, the Court also notes that the Fifth Circuit has interpreted the state statute to require an insurer to prove the insurer "(1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an arbitrary and capricious manner." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297 (5th Cir. 2009) (citing *Talbert v. State Farm Fire & Cas. Ins. Co.*, 971 So.2d 1206, 1211–12 (La. App. 4th Cir. 2007); *DeSoto v. Balbeisi*, 837 So.2d 48, 51 (La. App. 1st Cir. 2002)). The distinguishing difference between the two standards from the Middle District and the Fifth Circuit is that the Middle District's interpretation requires proof of damages, while the Fifth Circuit's interpretation does not.

Nonetheless, regardless of the appropriate standard to apply, the Court finds that RSUI's claim under La. R.S. § 22:1892 is futile under Rule 15(a). Futility is an important consideration when determining whether to grant leave to amend. A court may deny a motion for leave to amend where "the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (emphasis added). Where viability of a claim is at least facially possible, futility does not provide grounds for granting an amendment. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir. 2011).

To satisfy the futility requirement under Rule 15(a), RSUI's complaint must allege sufficient facts under La. R.S. § 22:1892 to "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint requires factual allegations that are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact). Here, RSUI, even standing in the shoes of the insured, does not provide factual allegations that allege the elements that are required on the face of La. R.S. § 22:1892. While RSUI's amended complaint alleges facts that may constitute arbitrary and capricious conduct under La. R.S. § 22:1892, it does not include allegations of American's failure to pay a claim or settlement within thirty days after receipt of satisfactory proof of loss, which is required on the face of the statute. Therefore, RSUI's claim under La. R.S. § 22:1892 is futile because it does not allege sufficient facts to give rise to a claim of relief.

### 2.   La. R.S. § 22:1973

Along with bringing a cause of action under La. R.S. § 22:1892 for penalties and attorney fees, RSUI claims penalties and attorney fees under La. R.S. § 22:1973. The Louisiana legislature enacted La. R.S. § 22:1973 to impose a "duty of good faith and fair dealing on insurers, and [to] set forth certain acts, which if knowingly committed by an insurer, constitutes a breach of that duty." *Durio*, 74 So. 3d at 1170 (*Wegener v. Lafayette Ins. Co.*, 60 So.3d 1220, 1229 (La. 2011)).

> Subpart (A) of La. R.S. § 22:1973 provides in pertinent part:
>
> An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

La. Rev. Stat. Ann. § 22:1973(A). In subpart (B), the legislature enumerated six acts that constitute a breach of the duty of good faith and fair dealing:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
>
> (4) Misleading a claimant as to the applicable prescriptive period.
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
>
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

La. Rev. Stat. Ann. § 22:1973(B).

In American's opposition to RSUI's motion to amend, it argues that RSUI's claim is not a claim specifically listed in subpart (B) and that the claim is only a potential claim under the broad language of subpart (A). *See* R. Doc. 68, at 6. American further argues that even if RSUI could assert a claim, the Louisiana First Circuit Court in *Vaughn v. Franklin*, stated that "the legislative history of [§ 22:1973] makes it clear that the legislature did not intend by the enactment of that statute to impose additional penalties on insurers that breached their contractual duty to defend." 785 So. 2d at 91.

To begin, the Court notes that La. R.S. § 22:1973 is a penal statute and according to Louisiana law it must be strictly construed. *Vaughn*, 785 So.2d at 91 (citing *Sutton v. Oncale*, 765 So.2d 1072, 1078 (La. App. 5th Cir. 2000); *Maxie v. McCormick*, 669 So.2d 562, 5666 (La. App 1st Cir. 1996)). On the face of La. R.S. § 22:1973 it applies solely to an insured and a

claimant for the purpose of protecting an insured or claimant from the bad faith conduct of an insurer.

In *Credeur v. McCullough*, 685 So. 2d 300 (La. App. 3rd Cir. 1996), the Louisiana Third Circuit Court of Appeal considered a factually similar case where an excess insurance carrier subrogated to the rights of the insured brought a claim against the primary insurance carrier for breaching the duty to defend and sought penalties under La. R.S. § 22:1220, the predecessor to La. R.S. § 22:1973. After determining that the excess insurance carrier was conventionally subrogated to the rights of the insured, the court in *McCullough* affirmed the trial court's award of penalties to the excess insurance carrier and found that the primary insurance carrier was arbitrary and capricious. *Id.*

*McCullough* was appealed to the Louisiana Supreme Court and the Circuit Court's judgment was vacated and set aside. *Credeur v. McCullough*, 696 S.2d 996 (La. 1997). The Louisiana Supreme Court remanded the case to the court of appeal for reconsideration of the application of La. R.S. § 22:1220 to the facts of that case, and cited to its decision in *Theriot v. Midland Risk Insurance Co.*, 694 So.2d 184 (1997). The Third Circuit did not issue a subsequent opinion in light of *Theriot*, but since *McCullough* is factually similar, the Court will look to *Theriot* for guidance as instructed by the Louisiana Supreme Court in *McCullough*.

The Louisiana Supreme Court in *Theriot* considered "whether or not [La. R.S. § 22:1973] creates a right of action directly in favor of third-party claimants" and looked to the legislative intent of the statute, including the purpose for the statute's enactment and its function within the statutory scheme. *Theriot*, 694 So.2d at 188. The Louisiana Supreme Court reasoned that "an insurer's duties run primarily in favor of its insured as an outgrowth of . . . the contract between the parties" and that "[i]t is the relationship of the [insured and insurer] that gives rise to the

12

implied covenant of good faith and fair dealing." *Id.* at 193 (alterations added). While finding a third party right to recover penalties, the Louisiana Supreme Court rejected the opportunity to expand the language of La. R.S. § 22:1973 to allow a third party claimant to recover for conduct not included within the six acts enumerated in subpart (B). *Id.* The Louisiana Supreme Court reasoned that the duty of good faith and fair dealing primarily run to the insured through the contractual relationship it shares with the insurer, which is not shared by a third party. *See id.*

The reasoning in *Theriot* demonstrates the Louisiana Supreme Court's intent to narrowly construe La. R.S. § 22:1973 and to not overly expand its application. According to *Theriot*, RSUI can only recover if it alleges one of the six enumerated acts in subpart (B) of the statute. While RSUI is subrogated to the rights of the insured, it is not claiming that American breached the duty of good faith by doing any of the acts enumerated in subpart (B). RSUI is not claiming that American failed to pay the claim but that it failed to adequately defend the claim which resulted in an excess payment by RSUI, which is not contemplated in subpart (B).

Therefore, following the Louisiana Supreme Court's decision in *Theriot*, this Court is not inclined to interpret the statute broader than its language and finds that RSUI does not allege sufficient facts to implicate a viable claim under La. R.S. § 22:1973. As such, the Court finds that RSUI does not allege an act enumerated in subpart (B) of La. R.S. § 22:1973, and therefore, the claim is futile.

## V. <u>Conclusion</u>

Accordingly, the Court finds that the proposed amendment is not unduly delayed but is futile as to the two new causes of action under La. R.S. § 22:1892 and La. R.S. § 22:1973. However, the new factual allegations are not futile and are permissible amendments.

Therefore,

**IT IS ORDERED** that RSUI's **Motion for Leave to File Amended Complaint (R. Doc. 65)** is **DENIED in part and GRANTED in part.** The motion is **DENIED** as to the new causes of action under La. R.S. § 22:1892 and La. R.S. § 22:1973 and **GRANTED** as to the new factual allegations, which are additions to paragraphs 19(a) and 21(a). Plaintiff shall file a new amended complaint in compliance with this order by **April 7, 2015.**

New Orleans, Louisiana, this 2nd day of April 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**