UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RSUI INDEMNITY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2820** |
| **AMERICAN STATES INSURANCE COMPANY** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Motion to Compel Response to RSUI's Subpoena to Produce Documents (R. Doc. 112)** file by the Plaintiff, RSUI Indemnity Company ("RSUI"), seeking a court order compelling Liberty Mutual Fire Insurance Company to produce its claim file for the lawsuit captioned *Cheryl Bourgeois v. Rouses Enterprises, LLC*. The motion is opposed. *See* R. Doc. 126. The motion was heard for oral argument on Wednesday, April 29, 2015.

### I.   Background

This action is a dispute between the excess and primary liability insurance carriers of a common insured. The excess insurer, RSUI, seeks to recover from the primary liability insurer, American States Insurance Company ("American"), the $2 million it paid as a result of American's alleged breach of the duty to defend the common insured. The full recitation of the factual summary is located in this Court's previous order to RSUI's motion for leave to amend, *see* R. Doc. 110.

In the instant motion, RSUI seeks the complete claim file from Liberty Mutual Fire Insurance Company ("Liberty Mutual") for the case captioned *Cheryl Bourgeois v. Rouses Enterprises, LLC*. *See* R. Doc. 112-1, at 3. According to American's counsel during oral arguments, American is an affiliate of Liberty Mutual and Liberty Mutual's staff counsel represents all Liberty Mutual affiliates, including American. Based on American's relationship to Liberty Mutual, RSUI represents that it seeks the Bourgeois claim file because it is similar to the

underlying case as it included a traumatic brain injury and a failure by Liberty Mutual's counsel to secure necessary medical experts to testify at trial. *Id.* RSUI also argues that the case resulted in an excess judgment, similar to the underlying case. *Id.*

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The Court notes that the discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).  A motion for a subpoena must be quashed or modified where, inter alia, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).  A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. at 45(c)(3)(C).

**III.   Analysis**

RSUI asserts that documents subpoenaed for the Bourgeois claim file are relevant because it is a brain injury case that is similar to the underlying lawsuit. *See* R. Doc. 112-1, at 3. RSUI represents that Liberty Mutual and its staff counsel did not secure medical experts for trial despite multiple experts testifying on behalf of the plaintiff, which resulted in an excess judgment of about $800,000 over the $1 million policy limit. *Id.* RSUI contends that the Bourgeois claim file would provide it with information that may contradict the deposition testimony of American's witnesses concerning Liberty Mutual's file handling guidelines and the role of Liberty Mutual staff counsel and its adjusters in defending a case. *Id.* at 5. RSUI further contends that the Bourgeois case was tried just before the underlying lawsuit and the same Liberty Mutual guidelines that applied to the underlying lawsuit also applied to the Bourgeois case. *Id.*

In opposition, American argues that the Bourgeois case is completely unrelated to the underlying lawsuit and that it was handled by a different Liberty Mutual attorney and the

plaintiff's injury was due to a slip and fall rather than an automobile accident. *See* R. Doc. 126, at 3. American further contends that it never placed the Bourgeois case at issue. American avers that RSUI cannot show how the manner in which Liberty Mutual handled the Bourgeois lawsuit has any bearing on RSUI's claim that American failed to properly defend the insureds in the underlying lawsuit. *Id*. at 3. American represents that RSUI has electronic access to the Bourgeois case through the Jefferson Parish court system and that RSUI has presumably obtained information on the case through the electronic system. *Id*. at 2.

The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Furthermore "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Relevance is the threshold inquiry. If the discovery sought is not relevant to a claim or a defense, then it will not be discoverable and the Court will not need to inquire about whether the production is over broad or whether it implicates the attorney-client privilege or work product doctrine.

Here, the Bourgeois case is completely unrelated to the underlying case, including the fact that there were different defense counsel representing the insureds and different liability issues. RSUI seeks the Bourgeois claim file to establish that there is a corporate standard of saving money over properly defending the insured. However, RSUI does not have any evidence to substantiate its theory beyond the aspirational level. This case is about RSUI's defense of the underlying lawsuit, and without more evidence to prove otherwise, the Bourgeois claim file is not relevant.

Additionally, during oral argument counsel for RSUI indicated that he had not yet spoken to Capdeville, the staff attorney who represented the insured on behalf of Liberty Mutual in the Bourgeois case. Counsel represented that Capdeville ceased working for Liberty Mutual after

the Bourgeois case and that the cause of his departure is unknown. Speaking with Capdeville will help determine if the outcome in the Bourgeois case was due to a corporate standard of prioritizing cost over defense or if it was due to some other unknown factor that may be related to Capdeville's departure from Liberty Mutual. As such, the Court finds that RSUI's request is denied without prejudice to RSUI re-urging its request in the future once it has obtained more evidence to substantiate its theory.

**IV.    Conclusion**

**IT IS ORDERED** that Plaintiff's **Motion to Compel Responses to RSUI's Subpoena to Produce Documents (R. Doc. 112)** is **DENIED**.

New Orleans, Louisiana, this 1st day of June 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**