UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RSUI INDEMNITY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2820** |
| **AMERICAN STATES INSURANCE COMPANY** | **SECTION: "I" (4)** |

## ORDER

Before the Court is a **Motion for Sanctions Against American Insurance Company (R. Doc. 120)** filed by the Plaintiff, RSUI Indemnity Company ("RSUI"), seeking a court order sanctioning American States Insurance Company ("ASIC") for failing to respond to RSUI's discovery request for file handling guidelines. The motion is opposed. *See* R. Doc. 125. RSUI filed a reply to ASIC's opposition. *See* R. Doc. 133. The motion was heard on the briefs.

### I.   Background

This action is a dispute between the excess and primary liability insurance carriers of a common insured. The excess insurer, RSUI, seeks to recover from the primary liability insurer, ASIC, the $2 million it paid as a result of ASIC's alleged breach of the duty to defend the common insured. The full recitation of the factual summary is located in this Court's previous order addressing RSUI's motion for leave to amend, *see* R. Doc. 110.

In the instant motion, RSUI seeks to impose sanctions for ASIC's alleged failure to act in good faith by failing to produce its file handling guidelines in response to RSUI's Request for Production ("RFP") No. 2 of its Second Set of Interrogatories and Requests for Production. *See* R. Doc. 120-1, at 1. RFP No. 2 sought: "[a]ny file handling guidelines issued to defense counsel applicable to the defense of the referenced litigation." *See* R. Doc. 78-3, at 4. In response to the request, ASIC objected on the grounds that the request seeks confidential/proprietary trade secrets and that it is not reasonably calculated to lead to the discovery of admissible evidence. *Id.*

at 5. ASIC further stated: "[s]ubject to all objections, ASIC responds that it has not identified any documents responsive to this request." *Id.*

RSUI represents that shortly after receiving ASIC's discovery responses it took the deposition of Brad Brumfield who was ASIC's staff counsel assigned to the underlying case. *See* R. Doc. 120-1, at 2. RSUI contends that it asked Brumfield about the existence of written guidelines and he responded, "[w]e have guidelines on what functions were claims functions and what functions were attorney functions." *Id.* After the deposition, the case was dismissed on summary judgment and appealed to the Fifth Circuit. After the case was remanded in October 2014, RSUI sent another request for the file handling guidelines. *See* R. Doc. 78-2. In response, ASIC stated that it "has no 'file handling guidelines' per se, but will produce . . . PAL Litigation Management Protocols." *Id.* at 8-9.

RSUI now seeks sanctions for ASIC's failure to produce the file handling guidelines when it was initially requested before the Brumfield deposition. RSUI contends that it had to re-depose Brumfield after it received the guidelines and that ASIC should be responsible for the cost of Brumfield's second deposition. RSUI also seeks reasonable attorney fees associated with filing the instant motion.

**II.    Standard of Review**

A federal court has the power to sanction a party who has abused the judicial process. The Court's power to sanction derives from two primary sources: (1) the Court's inherent authority and (2) Federal Rule of Civil Procedure ("Rule") 37. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46, 50-51 (1991); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

Rule 37 permits the trial court to issue any "just" orders when a party fails to comply with a prior discovery order. Such Orders can include:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)   striking pleadings in whole or in part;
(iv)   staying further proceedings until the order is obeyed;
(v)    dismissing the action or proceeding in whole or in part;
(vi)   rendering a default judgment against the disobedient party; or
(vii)  treating as contempt of court the failure to obey any order except an order

Fed. R. Civ. P. 37(b)(2)(A).

Furthermore, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In considering the appropriate sanctions, "[t]he reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *International Transport Workers Federation v. Mi-Das Line SA*, No. 13-454, 2013 WL 1403329, at *8 (E.D. La. Apr. 4, 2013). Additionally, the Fifth Circuit requires the imposition of "the least onerous sanction which will address the offensive conduct." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997).

### III. <u>Analysis</u>

RSUI argues that ASIC has failed to produce documents that were in its possession and requested by RSUI. *See* R. Doc. 120-1, at 5. RSUI contends that ASIC's failure to produce the file handling guidelines resulted in RSUI having to take a second deposition of Brumfield. *Id.* RSUI argues that ASIC knew it had guidelines applicable to defense counsel in the underlying lawsuit but did not produce them. *See* R. Doc. 133-1, at 1. RSUI avers that ASIC's subsequent

3

production of the protocols in response to its second request does not cure its failure to produce the guidelines in response to its first request. *Id.*

RSUI asserts that during its second deposition of Brumfield, it inquired about why he previously testified that ASIC has written guidelines. *Id.* at 2. RSUI represents that Brumfield stated that he testified in the affirmative because the protocols are written and they guide him on his functions and guide him on how to work together with the claims department. *Id.* RSUI contends that Brumfield testified that he would have produced the protocols to RSUI in response to its request for file handling guidelines. *Id.* at 3.

RSUI further argues that it was prejudiced by ASIC's late disclosure of the guidelines because it originally asked for the guidelines before the case was dismissed on summary judgment in November 2013 and could have used the guidelines to oppose ASIC's motion for summary judgment. *Id.* at 4. RSUI contends that the existence of the guidelines would have provided it with an additional basis to oppose the motion for summary judgment because the guidelines bear on the control ASIC exercises over its staff counsel. *Id.*

In opposition, ASIC contends that RSUI's motion for sanctions should be denied because the parties' discovery dispute simply involved a good-faith difference in interpretation with respect to RSUI's request. *See* R. Doc. 125, at 3. ASIC argues that the protocols at issue were not responsive to RSUI's request for file handling guidelines. *Id.* at 2. ASIC avers that it interpreted the request for file handling guidelines as a written system directing staff legal on how to handle a case, which it contends is different from its Litigation Management Protocols which are a suggestion for the division of tasks between claims and staff legal and a suggestion for the timing of those tasks. *Id.* Nonetheless, ASIC contends that after the Brumfield deposition and after the case was remanded from the Fifth Circuit, it agreed to produce the protocols subject to a consent protective order. *Id.* at 3.

ASIC asserts that the parties resolved the dispute without court intervention and that it agreed to RSUI's request to reopen Brumfield's deposition and agreed to bring Brumfield to New Orleans for the deposition. *Id.* By reopening the deposition, ASIC concludes that RSUI cannot claim it was harmed in any way by the timing of the production of the protocols. *Id.* ASIC further contends that RSUI has failed to present any evidence that it was harmed by the timing of the production of the protocols and that RSUI had the protocols in time to depose other key witnesses, including ASIC's adjusters and corporate representatives. *Id.* at 6. ASIC asserts that deposing Brumfield a second time did not prejudice RSUI because it had the benefit of deposing him after it deposed other key witnesses. *Id.*

Additionally, ASIC contends that Rule 37 does not authorize sanctions where a party complies with discovery and a discovery motion is not filed and granted. *Id.* at 4. ASIC asserts that Rule 37(a)(5) only provides for sanctions after the movant confers with opposing counsel and files a motion to compel, which did not occur here. *Id.* at 4-5. ASIC further asserts that Rule 37(b) only provides for sanctions where a party fails to obey an order to provide or permit discovery, which it contends does not apply because a court order was never issued. *Id.* at 5. Finally, ASIC asserts that sanctions are not appropriate under Rule 37(c) because it only applies when a party fails to provide information or identify a witness as required by Rule 26(a) or (e). *Id.*

Rule 37 provides for sanctions to be issued against a party for failure to comply with a court order; failure to disclose, supplement an earlier response, or admit; failure to attend a deposition, serve answer to interrogatories or respond to request for inspection; and failure to participate in framing a discovery plan. *See* Fed. R. Civ. P. 37(b), (c), (d), and (f). However, "the sanctioning scheme of the statute and the rules [does not] displace[] the [Court's] inherent power to impose sanctions for [] bad-faith conduct." *Chambers*, 501 U.S. at 46 (1991). Thus, the Court

5

can still sanction bad faith behavior even if it does not fall within the conduct enumerated in Rule 37.

"In order to impose sanctions against [a party] under its inherent power, a court must make a specific finding that the [party] acted in 'bad faith.'" *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)) (internal quotation marks omitted). Furthermore, the Court has broad discretion "to fashion remedies suited to the misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)). For severe sanctions, such as "striking pleadings or dismissal of a case," "a finding of bad faith or willful misconduct [is required]." *Id*. However, "[l]esser sanctions do not require a finding of willfulness." *Id*. (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n. 23 (5th Cir. 1993)).

Here, RSUI's request for sanctions under Rule 37 is unsupported because a motion to compel was never filed and the Court did not issue an order compelling the production of the guidelines. Rather, the parties resolved the dispute independent of the Court and RSUI was not forced to file a motion to compel. Nonetheless, the Court does have authority under its inherent sanctioning power to issue sanctions against ASIC if the Court determines that ASIC acted in bad faith.

After reviewing RFP No. 2, the Court finds that ASIC did not act in bad faith by failing to produce the protocols in response to RSUI's request for file handling guidelines. The discovery dispute at issue appears to be attributable to a reasonable interpretation issue regarding the function of file handling guidelines as compared to the function of litigation management protocols. On its face, RFP No. 2 lacks any form of detail explaining the meaning of its request for file handling guidelines, which could have avoided the interpretation issue at hand. The plain meaning of "file handling guidelines" can be reasonably interpreted to specifically mean a

system directing staff counsel on how to handle the litigation of a file. Therefore, ASIC's belief that its Litigation Management Protocols were not responsive is reasonable since the protocols purportedly direct counsel on the division of tasks between claims and staff counsel.

Furthermore, Brumfield's response in his deposition testimony is not conclusive of the unreasonableness of ASIC's failure to produce the protocols. During the deposition, Brumfield was asked if there were "any kind of written guidelines," to which he answered in the affirmative. However, a request regarding written guidelines lends to a much broader interpretation than a request for file handling guidelines, which is more specific. Moreover, the fact that the parties were able to resolve this dispute independent of the Court undermines RSUI's claim for bad faith. Additionally, RSUI has failed to provide any evidence to support its argument that the untimely production of the protocols prejudiced it in this litigation. RSUI claims that an earlier production of the protocols could have assisted in its opposition of the motion for summary judgment, but this assertion is speculative and substantiated. Thus, the Court concludes that ASIC did not act in bad faith and sanctions are not appropriate given the factual circumstances of this case.

**IV. Conclusion**

**IT IS ORDERED** that Plaintiff's **Motion for Sanctions Against American Insurance Company (R. Doc. 120)** is **DENIED**.

New Orleans, Louisiana, this 8th day of June 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**