UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RSUI INDEMNITY COMPANY**  **CIVIL ACTION**

**VERSUS** **NO. 12-2820**

**AMERICAN STATES INSURANCE** **SECTION I**
**COMPANY**

### ORDER AND REASONS

Before the Court is a motion[1] *in limine* filed by defendant, American States Insurance Company ("ASIC"), to exclude certain subjects or categories of evidence and testimony from the upcoming trial. Plaintiff, RSUI Indemnity Co. ("RSUI"), has filed a response.[2] The Court now issues this order and reasons.

**A.   Evidence and Testimony Concerning the *Bourgeois* Lawsuit**

ASIC moves to exclude any evidence or testimony pertaining to *Cheryl Bourgeois v. Rouse's Enterprises*, an unrelated personal injury lawsuit involving ASIC's parent company.[3] According to ASIC, the *Bourgeois* lawsuit is factually and legally distinct. Therefore, any evidence "concerning Liberty Mutual's management of the *Bourgeois* suit" or "[p]leadings, judgments, and/or claim file materials from the *Bourgeois* suit" should be excluded pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.[4] ASIC also asserts attorney-client privilege with respect to testimony by

---

[1] R. Doc. No. 176.
[2] R. Doc. No. 192.
[3] R. Doc. No. 176-1, at 1-2.
[4] R. Doc. No. 176-1, at 2. The Court notes that the U.S. Magistrate Judge denied a motion filed by RSUI to compel Liberty Mutual Fire Insurance Company to produce its claim file for the *Bourgeois* lawsuit. *See* R. Doc. No. 168. The U.S. Magistrate Judge concluded that RSUI had not established the relevance of the *Bourgeois* claim file to the above-captioned matter, but left

staff counsel in the *Bourgeois* lawsuit, Charles Capdeville ("Capdeville"), "concerning his confidential communications with claims during the course of defending the *Cheryl Bourgeois* lawsuit or any other lawsuit."[5]

In response, RSUI contends that it has listed Capdeville as a potential rebuttal witness "concerning the application of [ASIC's file handling guidelines] and the level of control exercised by claims representatives over staff counsel."[6] RSUI also suggests that Capdeville may testify "[i]f necessary" regarding how a claim alleging a traumatic brain injury should be handled."[7]

ASIC's motion is premature. At this stage, it is not certain that RSUI will call Capdeville as a witness or that Capdeville's testimony regarding claims handling guidelines would address any details pertaining to the *Bourgeois* lawsuit. Accordingly, ASIC's motion should be deferred until trial to be reasserted by ASIC should RSUI attempt to elicit from Capdeville or another witness any testimony regarding the *Bourgeois* lawsuit.

**B.      Evidence Concerning Barrow's Post-Settlement Treatment or Employment**

ASIC objects to evidence or testimony related to the underlying state-court plaintiff's post-settlement medical treatment or employment.[8] In response, RSUI asserts that it will not call the underlying plaintiff as a witness and has not listed exhibits regarding her post-settlement treatment or employment.[9] Accordingly, this portion of ASIC's motion should be dismissed as moot.

---

the door open for RSUI to re-urge the issue. R. Doc. No. 168, at 4-5.
    [5]R. Doc. No. 176-1, at 4.
    [6]R. Doc. No. 192, at 2.
    [7]R. Doc. No. 192, at 2-3.
    [8]R. Doc No. 176-1, at
    [9]R. Doc. No. 192, at 3.

### C. Testimony Concerning Barrow's Activities When the Accident Occurred.

ASIC moves to exclude "testimony that Barrow may have been eating or talking on her cell phone when the accident occurred."[10] According to ASIC, "RSUI's counsel (George Hebbler) and/or its adjuster (Richard Strom) may testify that Barrow could have been eating or talking on her cell phone when the accident occurred, and thus was distracted," and that such testimony would be pure speculation.[11]

RSUI responds that it "will not be asking any of its witnesses to speculate on Barrow's activities when the accident occurred."[12] Accordingly, ASIC's motion should be dismissed as moot with respect to that specific line of questioning. To the extent that ASIC may object at trial to testimony "concerning the information that was known and that should have been known by ASIC" and that additional investigation could and should have been pursued,[13] such objections are deferred until trial to be reasserted by ASIC at trial.

### D. Opinion Testimony from Attorneys Concerning Brumfield's Defense of the Case

ASIC "renews its objection to opinion testimony by any attorney, including without limitation George Hebbler, Andrew Eversberg, Kelly Balfour, and/or Michael Fruge, concerning Brad Brumfield's defense of the underlying suit."[14] This issue will be addressed at trial consistent with the Court's prior order and reasons denying ASIC's motion to exclude attorney opinion testimony.[15] ASIC's motion as to this topic should, therefore, be deferred until trial to be reasserted

---

[10] R. Doc. No. 176-1, at 6.
[11] R. Doc. No. 176-1, at 5-6.
[12] R. Doc. No. 192, at 3.
[13] R. Doc. No. 192, at 4.
[14] R. Doc. No. 176-1, at 7.
[15] R. Doc. No. 161, at 8-10.

by ASIC at trial. Accordingly,

**IT IS ORDERED** that ASIC's motion *in limine* is **DISMISSED AS MOOT** and/or **DEFERRED UNTIL TRIAL** consistent with the above.

New Orleans, Louisiana, June 15, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**