**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RSUI INDEMNITY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2820** |
| **AMERICAN STATES INSURANCE COMPANY** | **SECTION I** |

**ORDER AND REASONS**

A bench trial was held in the above-captioned matter on June 22, 23, and 24, 2015.[1] After post-trial briefing, the Court issued findings of fact and conclusions of law[2] as well as a judgment[3] against plaintiff, RSUI Indemnity Company ("RSUI"), and in favor of defendant, American States Insurance Company ("ASIC"). RSUI has now filed a motion[4] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure requesting that the Court "alter or amend its Judgment . . . and to enter judgment in favor of RSUI because the court's ruling is based on a manifest error [of] law and an erroneous assessment of the evidence."[5] ASIC has filed an opposition.[6] For the following reasons, RSUI's motion is denied.

"A motion to alter or amend a judgment filed pursuant to Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Wilcox v. Max Welders, L.L.C.* 969 F. Supp. 2d 668, 687 (E.D. La. 2013) (Africk, J.)

---

[1]R. Doc. Nos. 196, 197, 198.
[2]R. Doc. No. 207.
[3]R. Doc. No. 208.
[4]R. Doc. No. 209.
[5]R. Doc. No. 209, at 1.
[6]R. Doc. No. 210.

(internal quotation marks and alterations omitted).[7] Parties "may not use a Rule 59 motion merely to revisit issues that were decided against them." *Id.*

RSUI presents no newly discovered evidence. Instead, it asserts that the Court made manifestly erroneous factual findings and misapplied the law when the Court concluded that (1) the February 19, 2012 settlement was a *Gasquet* release; (2) the *Gasquet* release prohibited RSUI from recovering through subrogation to the insureds' rights against ASIC; and (3) RSUI failed to prove that any bad faith by ASIC increased the amount RSUI paid to settle with Barrow, *i.e.*, causation. For the reasons previously articulated in the findings of fact and conclusions of law, the Court is not persuaded.

First, with respect to the interpretation of the February 19, 2012 settlement agreement, the Court analyzed the documentary evidence and assessed the credibility of the witnesses at trial. On that basis, the Court concluded that ASIC and Barrow intended to enter into a *Gasquet* release.[8] RSUI disagrees with the Court's factual findings regarding the intent of the parties and reargues the evidence, but it fails to demonstrate any manifest error.[9]

Second, with respect to the effects of the *Gasquet* release, the Court concluded that the "insureds had no claim for recovery against ASIC and, consequently, RSUI has no subrogated claim

---

[7]The Court entered the judgment on August 26, 2015, and RSUI filed its motion on September 15, 2015, less than 28 days later. Accordingly, RSUI timely filed its motion. Fed. R. Civ. P. 59(e).

[8]R. Doc. No. 207, at 14-21.

[9]RSUI points out one typographical error in which the Court erroneously stated that Exhibit 126 was dated February 27, 2012, rather than February 21, 2012. R. Doc. No. 207, at 18. Such error is immaterial, however; the Court dated the letter correctly elsewhere in the findings of fact, R. Doc. No. 207, at 6, and the typographical error had no bearing on the Court's correct understanding of the letter with respect to the timeline of events.

against ASIC."[10]  RSUI asserts that the Court erred in accepting ASIC's "empty shoes" argument, citing *Continental Casualty Co. v. North American Capacity Insurance Co.*, 683 F.3d 79, 85-86 (5th Cir. 2012).[11] But *Continental Casualty* is inapposite because, for the reasons previously assigned by the Court, as a result of the *Gasquet* release RSUI's settlement with Barrow "was strictly a result of RSUI's contractual obligation to the insureds, and not a payment of any amount which the insureds would ever have to pay Barrow."[12] In the findings of fact and conclusions of law, the Court fully considered and rejected RSUI's analysis of the subrogation issues presented in this case; the present motion does not assert any basis for relief pursuant to Rule 59.

Third, with respect to damages, the Court concluded that RSUI did not prove causation because it failed to prove (1) that the underlying lawsuit "could ever have been settled within ASIC's primary policy limits,"[13] or (2) "that any particular [bad faith] failure had a measurable effect on the settlement value of the Barrow case."[14] RSUI attempts to reargue the evidence but it articulates no manifest error of law or fact. RSUI asserts that its burden "was to prove that it was more probable than not that ASIC breached multiple duties owed to the insured that resulted in making the resolution of the case by RSUI more costly and burdensome."[15] Yet as the Fifth Circuit noted in the first appeal from this matter, RSUI still had to "prove its case, including the issue of causation" and the apportionment of the amount of liability, if any. *RSUI Indem. Co. v. Am. States Ins. Co.*, 768 F.3d 374, 381 (5th Cir. 2014). For the reasons previously articulated, RSUI did not

---

[10]R. Doc. No. 207, at 23.
[11]R. Doc. No. 209-1, at 3.
[12]R. Doc. No. 207, at 22.
[13]R. Doc. No. 207, at 29.
[14]R. Doc. No. 207, at 32.
[15]R. Doc. No. 209-1, at 14 (citing *RSUI*, 768 F.3d at 380).

satisfy that burden.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that RSUI's motion is **DENIED**.

New Orleans, Louisiana, October 28, 2015.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE